UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENORE N BAYLESS-NGETHE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VOCATIONAL REHABILITATION, et. al.<br><br>Defendants. | CASE NO. C13-1574-MJP<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on Defendants' motions to dismiss for failure to state a claim. (Dkt. Nos. 12, 13.) Having reviewed the motion, Plaintiff's response (Dkt. No. 19), Defendant ENSO's reply (Dkt. No. 23), and all related papers, the Court GRANTS the motions.

**Background**

Plaintiff Lenore N. Bayless-Ngethe sues the State of Washington Department of Social and Health Services, Division of Vocational Rehabilitation ("DVR"), ENSO, and the State of Washington State of Washington Client Assistance Program asserting civil rights claims. Her allegations are the following:

ORDER GRANTING MOTIONS TO DISMISS- 1

1      1) Applied to state of Wa D.V.R. program and was approved.

2      2) Denied services for further employment assistance and case closed by case

3          worker who stated I was unemployable on 3/12/2013 along with the

4          assistance of ENSO who did the assessment, creating a very falsified

5          report.

6      3) Contacted C.A.P. on 3/14/2013 and left…voice message. [sic] to Jerry

7          Johnson and C.A.P. on 3/27 he said he would mail me out complaint

8          forms.

9      4) I still had not received forms so left voice messages and received form on

10         4/4/13 and mailed back in.

11     5) No response from C.A.P. left v. messages 4/17, 4/23.

12     6) Jerry Johnson called me and said Bob Haven was handling this. This was

13         5/3/13.

14     7) Spoke to Bob Haven on 5/6/13 and he stated that there was no reason to

15         meet or conduct a fair hearing as Megan (case worker) had stated I asked

16         to have my case closed and it seems I was outnumbered and the 45 days

17         were up and would send me nothing.

(Dkt. No. 1-1 at 3.) Plaintiff asks the Court to "correct the injustice done and make those parties accountable for their actions." (Id. at 4.) Her complaint fails to allege no particular constitutional or statutory violation.

## Discussion

To survive a 12(b)(6) motion to dismiss, a claim must be "facially plausible," such that it "pleads factual content that allows the court to draw the reasonable inference that the defendant

1   is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
2   Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The Court must construe the complaint
3   in the light most favorable to the non-moving party and accept all well-pleaded allegations of
4   material fact as true and draw all reasonable inferences in favor of the plaintiff.  Living Holdings
5   Ltd. v. Salomon Smith Barney Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v.
6   Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).  Further, the Court must hold the
7   pleadings of pro se complainants to less stringent standards than those of licensed attorneys.
8   Haines v. Kerner, 404 U.S. 519, 520 (1972).

9         Plaintiff fails to state a section 1983 claim.  In order to state a claim under 42 U.S.C. §
10  1983, a complaint must allege that: (1) the conduct complained of was committed by a person
11  acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or
12  immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S.
13  527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section
14  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are
15  present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

16        Here, the factual allegations against DVR are threadbare.  Plaintiff claims to have been
17  approved for benefits by DVR, and later determined to be ineligible.  However, she offers no
18  facts to tie these allegations to any violation of a right of constitutional significance.
19  Additionally, the allegations fail to show any harm from a violation of a federally protected right
20  or privilege.  As such, she fails to state a claim under Civil Rule 12(b)(6).

21        Likewise, Plaintiff alleges none of the elements of a prima facie civil rights case against
22  ENSO.  The only factual allegation pertaining to ENSO is the following: "Denied services for
23  further employment assistance and case closed by case worker who stated I was unemployable
24

on 3/12/2013 along with the assistance of ENSO who did the assessment, creating a very falsified report." Dkt. No. 1-1 at 3.) She does not allege any facts to support an inference that ENSO was acting under the color of law. Nor does she allege this isolated act by ENSO caused her any harm. Indeed, her complaint is too vague and without sufficient substance for this Court to evaluate the validity of her claims. It fails to state a claim where relief may be granted.

The Court GRANTS the motion, but with leave to amend. Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012). Plaintiff may file an amended complaint, curing the deficiencies in allegations against both Defendants, as noted above, within 14 days of this Order. Plaintiff's response suggests she is limited by the space provided by the civil rights complaint form and thus has not been able to sufficiently detail her claims. If she chooses to file an amended complaint, she may attach additional sheets of paper explaining her factual and legal allegations. The Court directs Plaintiff to the "statement of claim" instructions: "If you allege a number of related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)"

**Conclusion**

The Court GRANTS the motion because the complaint fails to allege a constitutional violation or facts supporting the inference Defendants contributed to the alleged violation. Plaintiff, however, may file an amended complaint, curing the deficiencies noted above within 14 days of this Order.

//
//
//
//

1   The clerk is ordered to provide copies of this order to all counsel.

2       Dated this <u>9th</u> day of December, 2013.

 

                                          Marsha J. Pechman
                                          Chief United States District Judge

ORDER GRANTING MOTIONS TO DISMISS- 5