UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENORE N. BAYLESS-NGETHE,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF VOCATIONAL REHABILITATION, et al.,<br><br>                    Defendants. | CASE NO. C13-1574 MJP<br><br>ORDER ON DEFENDANT CLIENT ASSISTANCE PROGRAM'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Client Assistance Program's Motion for Summary Judgment. (Dkt. No. 31.) After Defendant filed its Motion, pro se Plaintiff Lenore Bayless-Ngethe amended her complaint. (Dkt. No. 35.) In addition to filing an amended complaint, Plaintiff filed a supplement to the Amended Complaint responding to some of the arguments raised by Defendant. (Dkt. No. 38.) Seeing no formal response to its Motion within the time for a response, Defendant filed a Reply to the supplement. (Dkt. No. 27.) More than a week later, Plaintiff filed a Response to both the Motion and other motions to dismiss by other defendants. (Dkt. No. 43.) Having considered these filings and all related papers, the Court

hereby GRANTS the motion for summary judgment in favor of Defendant Client Assistance Program.

**Background**

Plaintiff alleges she was mistreated in various ways by a number of social service agencies, including Defendant Client Assistance Program (CAP). (See Am. Compl., Dkt. No. 35.) The claims directly related to CAP are Claim 7, in which CAP allegedly engaged in unnecessary delay in mailing forms and returning correspondence to Plaintiff (id. at 10), and Claim 8, in which CAP allegedly acted impartially in its decision to close the inquiry into Plaintiff's complaint against Division of Vocational Rehabilitation and in CAP's failure to set up a formal conflict resolution meeting (id. at 10). Plaintiff brings these claims under Section 1983, a means by which individuals can be compensated for violations of their federal rights if those violations were at the hands of state actors. See 42 U.S.C. § 1983.

In its Motion for Summary Judgment, CAP argues its actions were not under color of state law and CAP's alleged conduct does not rise to the level of a constitutional violation. (Dkt. No. 31 at 4–5.) Plaintiff asserts CAP acts under color of state law because it contracts with the state of Washington. (Dkt. No.38 at 2.)

**Analysis**

I.  Legal Standard

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a factual dispute requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All material facts

alleged by the nonmoving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

II. Color of State Law

Plaintiff brings these claims under 42 U.S.C. § 1983, whose purpose is to "to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial." Patsy v. Bd. of Regents, 457 U.S. 496, 503 (1982). CAP is not a state entity, but a private non-profit organization. (Huven Suppl. Decl., Dkt. No. 40 at 2.)

Plaintiff claims CAP contracts with the state (Dkt. No. 38 at 2), a fact which the Court assumes to be true for the purpose of this motion. Contracts alone, however, do not transform a private entity into a state actor. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1538 (9th Cir. 1992). A private organization acts under color of state law for the purposes of § 1983 when it is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). Plaintiff has offered no evidence of joint action. CAP does not even receive funding from the state—it is funded instead by the federal government. (Dkt. No. 40 at 2.) See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) ("Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia."). There is no right of action for damages available for

allegations of constitutional violations by private entities acting under color of federal as opposed to state law. Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

**Conclusion**

Because there is no genuine dispute over the facts regarding CAP's capacity to act under the color of state law, the Court GRANTS summary judgment in favor of Defendant CAP and against Plaintiff Lenore N. Bayless-Ngethe. This Order has no impact on Plaintiff's case against defendants other than CAP.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated this 3rd day of February, 2014.

Marsha J. Pechman
Chief United States District Judge