UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LENORE N BAYLESS-NGETHE,

             Plaintiff,

     v.

DEPARTMENT OF VOCATIONAL
REHABILITATION, et. al.,

            Defendants.

CASE NO. C13-1574-MJP

ORDER GRANTING MOTIONS TO
DISMISS BY DEFENDANTS
DEPARTMENT OF VOCATIONAL
REHABILITATION AND ENSO

     This matter comes before the Court on two motions to dismiss.  Both Defendant ENSO
and Defendant Department of Vocational Rehabilitation ("DVR") move under Federal Rule of
Civil Procedure 12(b)(6), to dismiss Plaintiff's claims.  (Dkt. Nos. 36, 42.)  Having reviewed the
motions, Plaintiff's response (Dkt. No. 43), the reply (Dkt. No. 45), and all related documents,
the Court GRANTS the motions and DISMISSES Plaintiff's claims against the remaining
Defendants DVR and ENSO.

**Background**

     Defendant DVR is a state agency, tasked with helping individuals with disabilities find
employment.  ENSO is a charitable organization, whose mission is "promoting individualized

1 | community employment for people with developmental disabilities through innovative self-

2 | directed services."

3 |      This case concerns Defendants' assessment of Plaintiff for receipt of social services.

4 | (Dkt. No. 35.)  Plaintiff alleges she was mistreated in various ways during the assessment

5 | process.  (Id. at 2.)  She claims the DVR caseworker assigned to her was "not apt, professional,

6 | trustworthy, non-biased, or committed."  (Id. at 2.)  She alleges DVR failed to properly supervise

7 | ENSO.  The claims directly relating to ENSO are claims 5 and 6, which allege ENSO's Service

8 | Delivery Outcome Report contained "bias in the language, insinuate[d], contain[ed] false

9 | statements and unfair remarks."  (Id. at 5.)  In Claim 6, Plaintiff alleges ENSO chose an

10 | improper location for the assessment, because "[t]he restroom provided did not have handicap

11 | access.  No entrance to workplace for a person with physical disability."  (Id. at 2.)

12 |      Plaintiff seeks the following relief:
13 | Compensation/relief to the Plaintiff for my genuine efforts in using the services of the Defendant's [sic] organizations who operate under the law, to gain employment under my expected and known circumstances which accepted, only
14 | to face situations out of my control, conspired measures to end my employment opportunity program.

15 | (Id. at 11.)  Also, "I would like" help to "bring changes to the Defendants [sic] organizations."

16 | (Id.)

17 |      The Court previously granted Defendants' motions to dismiss.  (Dkt. No. 34.)  Following

18 | that dismissal, and with permission of the Court, Plaintiff filed an amended complaint in

19 | December 2013.  (Dkt. No. 35.)

20 |      Defendants DVR and ENSO move to dismiss for failure to state a claim.  (Dkt. Nos. 36,

21 | 42.)  Defendant ENSO argues Plaintiff fails to allege the first element of a §1983 claim—that, as

22 | a private entity, it acted under the color of law.  Both ENSO and DVR also argue the complaint

23 |

24 |

ORDER GRANTING MOTIONS TO DISMISS BY
DEFENDANTS DEPARTMENT OF
VOCATIONAL REHABILITATION AND ENSO- 2

1 | should be dismissed because it fails to allege any wrongdoing rising to the level of constitutional

2 | significance for a §1983 claim.

3 | **Analysis**

4 | A. <u>Legal Standard</u>

5 | To survive a 12(b)(6) motion to dismiss, a claim must be "facially plausible," such that it

6 | "pleads factual content that allows the court to draw the reasonable inference that the defendant

7 | is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The Court

8 | must construe the complaint in the light most favorable to the non-moving party and accept all

9 | well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of

10 | the plaintiff.  <u>Living Holdings Ltd. v. Salomon Smith Barney Inc.</u>, 416 F.3d 940, 946 (9th Cir.

11 | 2005); <u>Wyler Summit P'ship v. Turner Broad. Sys.</u>, 135 F.3d 658, 661 (9th Cir. 1998).  Further,

12 | the Court must hold the pleadings of pro se complainants to less stringent standards than those of

13 | licensed attorneys.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

14 | B. <u>Constitutional Claim</u>

15 | In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

16 | complained of was committed by a person acting under color of state law; and (2) the conduct

17 | deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

18 | United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds</u>, <u>Daniels</u>

19 | <u>v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged

20 | wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354

21 | (9th Cir. 1985).

22 | //

23 | //

24 |

1    1.  Color of Law

2        "Section 1983 provides remedies for deprivations of rights under the Constitution and

3 laws of the United States when the deprivation takes place under color of any statute, ordinance,

4 regulation, custom, or usage, of any State or Territory." <u>Caviness v. Horizon Community</u>

5 <u>Learning Center, Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010).  The conduct allegedly causing the

6 deprivation of a federal right must be fairly attributable to the State.  <u>Id.</u>  The state-action

7 element in §1983 "excludes from its reach merely private conduct, no matter how discriminatory

8 or wrongful." <u>Id.</u>  A private party only acts under color of law when the constitutional

9 deprivation results from a governmental policy, and the party charged with the deprivation may

10 fairly be characterized as a governmental actor.  <u>Sutton v. Providence St. Joseph Medical Center</u>,

11 192 F.3d 826, 835 (9th Cir. 1999).  A private party's conduct constitutes governmental action

12 only in "rare" circumstances.  <u>Id.</u>  Courts consider the following factors or tests to identify

13 whether there is "something more" justifying liability under Section 1983: "(1) public function,

14 (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus."  <u>Id.</u> at

15 835-36.

16        ENSO is not a state entity, but a private nonprofit organization. (Dkt. No. 45 at 1.)

17 Plaintiff claims ENSO is liable because "its name also appeared on the Service Delivery

18 Outcome Report." (Dkt. No. 43.)  Merely listing ENSO on the report is insufficient to establish

19 liability under §1983.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980)(A private organization acts

20 under color of state law for the purposes of §1983 only when it is "a willful participant in joint

21 action with the State or its agents.")  Because Plaintiff fails to allege any facts regarding ENSO's

22 capacity to act under the color of law, the Court GRANTS Defendant ENSO's motion to dismiss.

23

24

1   <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, (9th Cir. 2003)(Conclusory

2   allegations are insufficient to establish that a private party is a state actor under § 1983.)

3      2.   Constitutional Significance

4      Plaintiff alleges the following as the basis for her §1983 claim:

5             Civil rights violated are in the mischaracterizing me in the descriptive language in
the service delivery outcome report which alludes to combination of race,
6             religion, character and appearance.

7   (Dkt. No. 43 at 2.)

8        Despite the Court previously granting Plaintiff leave to amend her complaint, she still has

9   not stated a claim under §1983.  The gist of her claim is that Defendants referred to her race,

10   religion, and character in the Outcome Delivery Report.  However, the complaint fails to allege

11   any facts to support this claim.  Likewise, the complaint cannot be construed as supporting a

12   claim for religious discrimination:

13             During this interview, it was observed by ENSO staff that Lenore may equivocate
what others may be expecting her to, as she would often take control of the
14             conversation, use certain words to mesh with the organization's belief (i.e. using
her belief in Christianity with Vine Maple Place's Christian organization), and
15             restating it to be the exact same as the organization's motto.

16   (Dkt. No. 35 at 9.)   Plaintiff complains that ENSO's characterization suggests she is "a Christian

17   fraud."  (<u>Id.</u>)  Other than these purported observations, the complaint fails to allege she suffered

18   some discriminatory bias or other adverse action based on her religion.  Even if the Court

19   construes the complaint's allegations as true, none support Plaintiff's claims that Defendants

20   deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United

21   States.  The complaint simply does allege facts rising to a deprivation of a constitutionally

22   protected right or benefit.  Plaintiff again, fails to state a claim arising under the §1983.  The

23   Court Dismisses Plaintiff's §1983 claims.

24   *//*

C.  <u>Motion to Amend</u>

The Court DENIES Plaintiff's request for leave to amend her complaint a second time. (Dkt. No. 47.)  Courts "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994).  The Ninth Circuit also takes into consideration whether a plaintiff has previously amended the complaint.  <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).  However, if the proposed amendment would be futile, there is no reason to put a defendant through the unnecessary expense and delay of responding to the amendment.  <u>Nordyke v. King</u>, 644 F.3d 776, 787 n. 12 (9th Cir. 2011).

Plaintiff filed a second amended complaint after the briefing closed on the pending motions to dismiss.  The Court construes the filing as a motion to amend.  (Dkt. No. 47.)  Having reviewed that complaint, the Court finds it suffers from the same defects noted above and amendment is therefore futile.[1]  The Court DENIES the motion to amend.

**Conclusion**

The Court GRANTS the motions (Dkt. Nos. 36, 42) and DISMISSES Plaintiff's complaint because it fails to allege a constitutional or civil rights violation.  The Court also DENIES Plaintiff's request to amend her complaint a second time, because amendment would be futile.  (Dkt. No. 47.)

//

---

[1] Plaintiff for the first time claims ENSO "contracts with the State and receives funding from the State and therefore acts under the color of state law."  (Dkt. No. 47 at 3.)  Even if the Court accepted this allegation as true, amendment would nonetheless be futile because the complaint does not allege a predicate act violating §1983.

1    The clerk is ordered to provide copies of this order to all counsel.

2          Dated this <u>21st</u> day of March, 2014.

3

4

5          _____
           Marsha J. Pechman
6          Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTIONS TO DISMISS BY
DEFENDANTS DEPARTMENT OF
VOCATIONAL REHABILITATION AND ENSO- 7